UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 4:14-cr-103 |
| v. | ) | |
| | ) | PLEA AGREEMENT |
| KENT LEROY SORENSON, | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America (also referred to as "the Government"), the State of Iowa

(also referred to as "the State"), and the Defendant, KENT LEROY SORENSON, and Defendant's

attorney, enter into this Plea Agreement.

## A.   CHARGES

1.      Subject Offense[s].   Defendant will waive Indictment (by executing a separate

waiver of Indictment form) and plead guilty to Counts One and Two of a Criminal Information

charging, in Count One, a violation of Title 2, United States Code Section 434(a)(1), 434(b)(5)(A)

& 437g(d)((1)(A)(i), and Title 18, United States Code, Section 2, that is willfully causing false

reports of federal campaign expenditures to the Federal Election Commission; and, in Count Two,

a violation of Title 18, United States Code, Section 1519, that is falsifying records in

contemplation and relation to a federal investigation, intending to obstruct that investigation.

2.      No Charges to be Dismissed.   There are no charges to be dismissed.

3.      No Further Prosecution.   The Government agrees that Defendant will not be

charged by the Public Integrity Section of the Criminal Division of the United States Department

of Justice with any other federal criminal offense arising from or directly relating to this

investigation.   The State agrees that Defendant will not be charged in the State of Iowa with any

paragraph and this Plea Agreement do not apply to (1) any criminal act occurring after the date

of this agreement, (2) any crime of violence, or (3) any criminal offense which Defendant did not

fully disclose to law enforcement during Defendant's interviews pursuant to any proffer or other

agreements with the United States.

        4.      Non-Prosecution of Defendant's Spouse.    The Government agrees that

Defendant's current spouse will not be charged by the Public Integrity Section of the Criminal

Division of the United States Department of Justice with any federal criminal offense arising

from or directly relating to this investigation.  The State agrees that Defendant's current spouse

will not be charged in the State of Iowa with any State or local criminal offense arising from or

directly relating to this investigation.  This paragraph and this Plea Agreement do not apply to

(1) any criminal act occurring after the date of this agreement, (2) any crime of violence, or (3)

any criminal offense which Defendant did not fully disclose to law enforcement during

Defendant's interviews pursuant to any proffer or other agreements with the United States.

**B.    MAXIMUM PENALTIES**

        5.      Maximum Punishment.  Defendant understands that the Count One of the

Criminal Information to which Defendant is pleading guilty carries a maximum sentence of up to

five years in prison; a maximum fine of $250,000; costs of prosecution, if applicable; and a term

of supervised release of three years.  Defendant understands that the Count Two of the Criminal

Information to which Defendant is pleading guilty carries a maximum sentence of up to twenty

years in prison; a maximum fine of $250,000; costs of prosecution, if applicable; and a term of

supervised release of three years.  A mandatory special assessment of $100 per count also must

be imposed by the sentencing court.

        6.      Supervised Release--Explained.  Defendant understands that, during any period

of supervised release or probation, Defendant will be under supervision and will be required to comply with certain conditions.   If Defendant were to violate a condition of supervised release, Defendant could be sentenced up to four years in prison, without any credit for time previously served.

7.      Detention.   Provided that Defendant does not violate any conditions of Defendant's pretrial release, and does not appear to be mentally at risk to harm himself or any other person, the Government agrees to recommend that Defendant may remain on pretrial release pending imposition of sentence and will recommend that Defendant be permitted to self-report to serve any term of imprisonment imposed by the Court.

## C.      NATURE OF THE OFFENSE -- FACTUAL BASIS

8.      Elements Understood.   Defendant understands that to prove the offense alleged under Count 1 (Causing False Expenditure Reports to the Federal Election Commission), the Government would be required to prove beyond a reasonable doubt the following elements:

      (a)     Defendant caused false reports to the Federal Election Commission of expenditures by an authorized campaign committee of a federal candidate to a person;

      (b)     the false reporting of expenditures aggregated $25,000 or more in a calendar year; and

      (c)     Defendant acted willfully, that is, knowing that the conduct was unlawful.

Defendant further understands that to prove the offense alleged under Count 2 (Falsification of records in Contemplation of or Relation to a Federal Investigation), the Government would be required to prove beyond a reasonable doubt the following elements:

      (a)     Defendant knowingly falsified a document, record, or tangible object;

      (b)     Defendant did so with the intent to impede, obstruct, or influence, and in contemplation of or in relation to a matter; and

(c)   the matter was within the jurisdiction of the Federal Bureau of Investigation or the Federal Election Commission, which are departments or agencies of the United States.

9.   Factual Stipulations.   Attached hereto as Attachment "A", and incorporated by reference herein, are factual stipulations entered into between the parties, including the factual stipulations of Defendant's offense conduct relating to each of the subject offenses.   Defendant acknowledges that these statements are true.   Defendant further agrees that these factual statements may be used by any party, including the United States, in any other proceeding, unless the Court should permit the Defendant to withdraw from this Plea Agreement prior to sentencing.   Defendant understands that, during the change of plea hearing, the judge and the prosecutor may ask Defendant questions under oath about the offense to which Defendant is pleading guilty, in the presence of Defendant's attorney.   Defendant understands that Defendant must answer these questions truthfully, and that Defendant can be prosecuted for perjury if Defendant gives any false answers.

10.   Venue.   Defendant agrees that venue for this case is proper for the United States District Court for the Southern District of Iowa.

D.   SENTENCING

11.   Sentencing Guidelines.   Defendant understands that Defendant's sentence will be determined by the Court after considering the advisory United States Sentencing Guidelines, together with other factors set forth by law.   The Sentencing Guidelines establish a sentencing range based upon factors determined to be present in the case, which include, but are not limited to the following:

(a)   The nature of the offenses to which Defendant is pleading guilty;

(b)     The amount of money involved;

(c)     Whether Defendant attempted to obstruct justice in the investigation or prosecution of the offense; and

(d)     Acceptance or lack of acceptance of responsibility.

Defendant understands that, under some circumstances, the Court may "depart" or "vary" from the Sentencing Guidelines and impose a sentence more severe or less severe than provided by the guidelines, up to the maximum in the statute of conviction. Defendant has discussed the Sentencing Guidelines with Defendant's attorney.

12.     Acceptance of Responsibility.     The Government agrees to recommend that Defendant receive credit for acceptance of responsibility under USSG §3E1.1. The Government reserves the right to oppose a reduction under §3E1.1 if after the plea proceeding Defendant obstructs justice, fails to cooperate fully and truthfully with the United States Probation Office, attempts to withdraw Defendant's plea, or otherwise engages in conduct not consistent with acceptance of responsibility. If the base offense level is 16 or above, as determined by the Court, the Government agrees that Defendant should receive a 3-level reduction, based on timely notification to the Government of Defendant's intent to plead guilty.

13.     Presentence Report.     Defendant understands that the Court may defer a decision as to whether to accept this Plea Agreement until after a Presentence Report has been prepared by the United States Probation Office, and after Defendant's attorney and the Government have had an opportunity to review and challenge the Presentence Report. The parties are free to provide all relevant information to the Probation Office for use in preparing a Presentence Report.

14.     Evidence at Sentencing.     The parties may make whatever comment and

evidentiary offer they deem appropriate at the time of sentencing and entry of plea, provided that such offer or comment does not violate any other provision of this Plea Agreement.   Nothing in this Plea Agreement restricts the right of Defendant or any victim to make an allocution statement, to the extent permitted under the Federal Rules of Criminal Procedure, nor does this Plea Agreement convey any rights to appear at proceedings or make statements that do not otherwise exist.

15.     Sentence to be Decided by Judge -- No Promises.   This Plea Agreement is entered pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure.   Defendant understands that the final sentence, including the application of the Sentencing Guidelines and any upward or downward departures, is within the sole discretion of the sentencing judge, and that the sentencing judge is not required to accept any factual or legal stipulations agreed to by the parties.   Any estimate of the possible sentence to be imposed, by a defense attorney or the Government, is only a prediction, and not a promise, and is not binding.   Therefore, it is uncertain at this time what each Defendant's actual sentence will be.

16.     No Right to Withdraw Plea.   Defendant understands that Defendant will have no right to withdraw Defendant's plea if the sentence imposed, or the application of the Sentencing Guidelines, is other than what Defendant anticipated, or if the sentencing judge declines to follow the parties= recommendations.

17.     Criminal History.

Defendant has represented to the United States that Defendant has two prior misdemeanor convictions for each of which he was sentenced to less than sixty days of imprisonment after suspensions of imprisonment.   If the Defendant is found to have other criminal convictions, the Government may withdraw from this Plea Agreement.

E.     FINES, COSTS, AND RESTITUTION

18.     Fines and Costs.   Issues relating to fines and/or costs of incarceration are not

dealt with in this agreement, and the parties are free to espouse their respective positions at

sentencing

19.     Special Assessment.   Defendant agrees to pay the mandatory special assessment

of $200 ($100 per count) at or before the time of sentencing, as required by 18 U.S.C. § 3013.

20.     Restitution.   Defendant agrees that the Court should impose an order of

restitution for all relevant conduct in an amount to be determined by the Court; that such order of

restitution shall be due and payable immediately; and that if Defendant is not able to make full

payment immediately, Defendant shall cooperate with the United States Probation Office in

establishing an appropriate payment plan, which shall be subject to the approval of the Court,

and thereafter in making the required payments.   Any such payment plan does not preclude the

Government from utilizing any collections procedures pursuant to the Federal Debt Collections

Act and including the Treasury offset program.

21.     Financial Statement.   Defendant agrees to complete truthfully and in full a

financial statement provided by the U.S. Attorney's Office, and return the financial statement to

the U.S. Attorney's Office within 30 days of the filing of this Plea Agreement.

F.     LIMITED SCOPE OF AGREEMENT

22.     Limited Scope of Agreement.   This Plea Agreement does not limit, in any way,

the right or ability of the Government to investigate or prosecute Defendant for crimes occurring

outside the scope of this Plea Agreement.   Additionally, this Plea Agreement does not preclude

the Government from pursuing any civil or administrative matters against Defendant, including,

but not limited to, civil tax matters and civil forfeiture which arise from, or are related to, the

facts upon which this investigation is based.

23. Agreement Limited to Public Integrity Section and the State of Iowa. This Plea Agreement is limited to the Public Integrity Section of the Criminal Division of the United States Department of Justice and the State if Iowa, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

24. Victims not a party to this Agreement. Defendant understands that victims, if any, are not a party to this Plea Agreement, and that the "loss" and "restitution" amounts applicable to this criminal case do not resolve any claims that victims may have against Defendant. Defendant understands that victims remains free to pursue all lawful civil remedies they may deem appropriate.

## G. WAIVER OF TRIAL, APPEAL AND POST-CONVICTION RIGHTS

25. Trial Rights Explained. Defendant understands that this guilty plea waives the right to:

(a) Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

(b) A speedy and public trial by jury, which must unanimously find Defendant guilty before there can be a conviction;

(c) The assistance of an attorney at all stages of trial and related proceedings, to be paid at Government expense if Defendant cannot afford to hire an attorney;

(d) Confront and cross-examine adverse witnesses;

(e) Present evidence and to have witnesses testify on behalf of Defendant, including having the court issue subpoenas to compel witnesses to testify on Defendant's behalf;

(f) Not testify or have any adverse inferences drawn from the failure to testify (although Defendant also has the right to testify, if Defendant so chooses); and

(g)     If Defendant is convicted, the right to appeal, with the assistance of an attorney, to be paid at Government expense if Defendant cannot afford to hire an attorney.

26.     <u>Waiver of Appeal and Post-Conviction Review.</u>   Defendant knowingly and expressly waives any and all rights to appeal Defendant's conviction in this case, including a waiver of all motions, defenses and objections which Defendant could assert to the charge(s) or to the court's entry of judgment against Defendant; except that both Defendant and the United States preserve the right to appeal any sentence imposed by the district court, to the extent that an appeal is authorized by law.   Also, Defendant knowingly and expressly waives any and all rights to contest Defendant's conviction in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255.   These waivers are full and complete, except that they do not extend to the right to appeal or seek post-conviction relief based on grounds of ineffective assistance of counsel or prosecutorial misconduct not known to Defendant, or reasonably knowable, at the time of entering this Plea Agreement.

## H.   VOLUNTARINESS OF PLEA AND OPPORTUNITY TO CONSULT WITH COUNSEL

27.     <u>Voluntariness of Plea.</u>   Defendant represents that Defendant's decision to plead guilty is Defendant's own, voluntary decision, and that the following is true:

(a)     Defendant has had a full opportunity to discuss all the facts and circumstances of this case with Defendant's attorney, and Defendant has a clear understanding of the charges and the consequences of this plea, including the maximum penalties provided by law.

(b)     No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this written agreement.

(c)     No one has threatened Defendant or Defendant's family to induce this guilty plea.

9

      (d)     Defendant is pleading guilty because in truth and in fact Defendant is guilty and for no other reason.

28.    <u>Consultation with Attorney</u>.   Defendant has discussed this case and this plea with Defendant's attorney and states that the following is true:

      (a)     Defendant states that Defendant is satisfied with the representation provided by Defendant's attorney.

      (b)     Defendant has no complaint about the time or attention Defendant's attorney has devoted to this case nor the advice the attorney has given.

      (c)     Although Defendant's attorney has given Defendant advice on this guilty plea, the decision to plead guilty is Defendant's own decision. Defendant's decision to enter this plea was made after full and careful thought, with the advice of Defendant's attorney, and with a full understanding of Defendant's rights, the facts and circumstances of the case, and the consequences of the plea.

## I.   GENERAL PROVISIONS

29.    <u>Entire Agreement</u>.   This Plea Agreement, and any attachments, is the entire agreement between the parties.   Any modifications to this Plea Agreement must be <u>in writing</u> and signed by all parties.

30.    <u>Public Interest</u>.   The parties state this Plea Agreement is in the public interest and it takes into account the benefit to the public of a prompt and certain disposition of the case and furnishes adequate protection to the public interest and is in keeping with the gravity of the offense and promotes respect for the law.

31.    <u>Execution/Effective Date</u>.   This Plea Agreement does not become valid and binding until executed by each of the individuals (or their designated representatives) shown below.

32.    <u>Consent to Proceedings by Video-Conferencing</u>.   Defendant consents to any proceedings in this case, including his plea proceedings, sentencing proceedings, or any other

proceedings, being conducted by video-conferencing technology in use within the Southern District of Iowa if approved by the Court.

## J.    SIGNATURES

33.    <u>Defendant</u>.  I have read all of this Plea Agreement and have discussed it with my attorney.  I fully understand the Plea Agreement and accept and agree to it without reservation. I do this voluntarily and of my own free will.  No promises have been made to me other than the promises in this Plea Agreement.  I have not been threatened in any way to get me to enter into this Plea Agreement.  I am satisfied with the services of my attorney with regard to this Plea Agreement and other matters associated with this case.  I am entering into this Plea Agreement and will enter my plea of guilty under this Agreement because I committed the crime to which I am pleading guilty.  I know that I may ask my attorney and the judge any questions about this Plea Agreement, and about the rights that I am giving up, before entering into the plea of guilty.

8/25/14
_____
Date

_____
KENT LEROY SORENSON

34.    <u>Defendant's Attorney</u>.  I have read this Plea Agreement and have discussed it in its entirety with my client.  There is no Plea Agreement other than the agreement set forth in this writing.  My client fully understands this Plea Agreement.  I am satisfied my client is capable of entering into this Plea Agreement, and does so voluntarily of Defendant's own free will, with full knowledge of Defendant's legal rights, and without any coercion or compulsion.  I have had full access to the Government's discovery materials, and I believe there is a factual basis for the plea.  I concur with my client entering into this Plea Agreement and in entering a

plea of guilty pursuant to the Plea Agreement.

_____6/25/14_____
Date

_____
F. Montgomery Brown, Esq.
Brown & Scott, P.L.C.
1001 Office Park Road, Suite 108
West Des Moines, Iowa 50265
Telephone: 515/225-0101
Facsimile: 515/225-3737
Email: hskrfan@brownscott.com

35.   United States.   The Government agrees to the terms of this Plea Agreement.

Jack Smith
Chief, Public Integrity Section

_____8/25/14_____   By:   _____
Date                                    Richard C. Pilger
                                            Director, Election Crimes Branch
                                            Robert J. Higdon, Jr.
                                            Trial Attorney
                                            Public Integrity Section
                                            Criminal Division
                                            U.S. Department of Justice
                                            Telephone: 202-514-1412
                                            Telefax: 202-514-3003
                                            E-mail:   richard.pilger@usdoj.gov
                                                          bobby.higdon@usdoj.gov

36.   State of Iowa.   The State of Iowa agrees to the terms of this Plea Agreement.

John P. Sarcone
Polk County Attorney

_____8-25-14_____   By:   _____
Date                                    _____
                                            Polk County Justice Center
                                            222 5th Avenue
                                            Des Moines, IA 50309
                                            Telephone: 515-286-3737
                                            Telefax: 515-286-3428
                                            E-mail: ctyatty@polkcountyiowa.gov