United States Court of Appeals

For the Eighth Circuit

_____

No. 17-1222
_____

United States of America

*Plaintiff - Appellee*

v.

Kent Leroy Sorenson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines
_____

Submitted: October 20, 2017
Filed: December 12, 2017
[Unpublished]
_____

Before LOKEN, GRUENDER, and BENTON, Circuit Judges.
_____

PER CURIAM.

    Kent Sorenson is a former Iowa state senator who accepted payments in exchange for political endorsements. The payments came from committees affiliated with two 2012 presidential candidates. Sorenson knew that at least one committee did not report the payments to the Federal Election Commission ("FEC"), and when asked about the payments during a sworn deposition, he denied them. Based on this

conduct, Sorenson pleaded guilty to two crimes: (1) willfully causing false expenditure reports to the FEC in violation of 52 U.S.C. § 30104(a)(1) and (b)(5)(A), 52 U.S.C. § 30109(d)(1)(A)(i), and 18 U.S.C. § 2[1]; and (2) falsifying records in contemplation of or relation to a federal investigation intending to obstruct justice in violation of 18 U.S.C. § 1519. At sentencing, the district court[2] calculated a sentencing guidelines range of 24 to 30 months, departed downward, and sentenced Sorenson to 15 months' imprisonment. He now appeals that sentence on three grounds.

Sorenson's first two arguments relate to the district court's application of a sentencing enhancement that increases a defendant's offense level based on the "value of the illegal transactions." *See* United States Sentencing Guidelines § 2C1.8(b)(1). Because Sorenson received $132,915.47 from the committees, the district court applied an eight-level increase under § 2C1.8(b)(1). According to Sorenson, the district court should have given him credit for the work he performed for one of the presidential campaigns and either (a) applied § 2C1.8(b)(1) using a lower value (which would have resulted in a lower guidelines range) or (b) used the same value but varied downward.

Neither contention succeeds. Even assuming the district court miscalculated the guidelines range with its eight-level increase, the error was harmless. The district court considered all of the 18 U.S.C. § 3553(a) sentencing factors, offered a lengthy explanation for the sentence based on those factors, and noted that "even if the Guidelines calculation were adjusted according to Defendant's argument . . . , the

---

[1]At the time of the plea agreement, the provisions from Title 52 of the United States Code were located in Title 2.

[2]The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa.

Appellate Case: 17-1222    Page: 2    Date Filed: 12/12/2017 Entry ID: 4609436

Court's ultimate conclusion of the appropriate sentence in this case would not change. Application of the factors described in 18 U.S.C. § 3553(a) compel the same result regardless." This explanation rendered any guidelines calculation error harmless. *See United States v. Dace*, 842 F.3d 1067, 1069-70 (8th Cir. 2016) (per curiam) ("[W]hen a district court's detailed explanation for the sentence imposed makes clear that the judge based the sentence he or she selected on factors independent of the Guidelines, the error may be harmless." (internal quotation marks omitted)).

For Sorenson's contention that the district court should have varied downward based on his campaign work, we again look to the district court's consideration of the § 3553(a) sentencing factors and ask whether its refusal to grant a downward variance amounted to an abuse of discretion. *See United States v. Hammond*, 698 F.3d 679, 681 (8th Cir. 2012) (per curiam). Over many pages in the sentencing transcript, the district court noted, among other things, the seriousness of political corruption and the need to deter it in the future. It declined to vary downward based on the purported value of Sorenson's campaign work, but Sorenson cites no case indicating that it needed to do so. The district court concluded that his work neither diminished the harm from his actions nor warranted a lower sentence. That conclusion was not an abuse of discretion. *See Hammond*, 698 F.3d at 681.

Sorenson's final argument is that the district court abused its discretion by considering an improper factor. *See United States v. Mees*, 640 F.3d 849, 856 (8th Cir. 2011). In particular, he argues that the district court erred by considering his officeholder status at sentencing. The district court did so to explain why it viewed the offense so seriously. "When a corrupt office holder receives too lenient of a sentence," the court wrote, "the public understandably loses confidence in the integrity of its system of government." Sorenson claims that this reasoning runs afoul of the general prohibition on considering a defendant's socioeconomic status when imposing a sentence. *See id.* Even Sorenson's primary authority for this proposition, however, expressly allows such consideration when a defendant, as here, "abuses his position

-3-

by using it to facilitate the offense." *See United States v. Chandler*, 732 F.3d 434, 439 (5th Cir. 2013). Our circuit has allowed the same. *See, e.g.*, *United States v. Goldman*, 447 F.3d 1094, 1096 (8th Cir. 2006). Based on this precedent and the facts of Sorenson's case, the district court did not abuse its discretion in considering his officeholder status when imposing the sentence.

For the foregoing reasons, we affirm the district court's sentence.

_____

# United States Court of Appeals
### *For The Eighth Circuit*
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
### St. Louis, Missouri 63102

**Michael E. Gans**
*Clerk of Court*

VOICE (314) 244-2400
FAX (314) 244-2780
www.ca8.uscourts.gov

December 12, 2017

Mr. Frederic Montgomery Brown
BROWN & SCOTT
Suite 108
1001 Office Park Road
West Des Moines, IA  50265

     RE: 17-1222  United States v. Kent Sorenson

Dear Counsel:

     The court has issued an opinion in this case. Judgment has been entered in accordance with the opinion. The opinion will be released to the public at 10:00 a.m. today. Please hold the opinion in confidence until that time.

     Please review Federal Rules of Appellate Procedure and the Eighth Circuit Rules on post-submission procedure to ensure that any contemplated filing is timely and in compliance with the rules. Note particularly that petitions for rehearing and petitions for rehearing en banc <u>must</u> be received in the clerk's office within 14 days of the date of the entry of judgment. Counsel-filed petitions must be filed electronically in CM/ECF. Paper copies are not required. No grace period for mailing is allowed, and the date of the postmark is irrelevant for pro-se-filed petitions. Any petition for rehearing or petition for rehearing en banc which is not received within the 14 day period for filing permitted by FRAP 40 may be denied as untimely.

                                                        Michael E. Gans
                                                        Clerk of Court

CMD

Enclosure(s)

cc:     Ms. Elizabeth Dorsey Collery
          Mr. John S. Courter
          Mr. Andrew H. Kahl
          Mr. Jonathan I. Kravis
          Mr. Richard C. Pilger
          Ms. Sonja Ralston
          Mr. Kent Leroy Sorenson

     District Court/Agency Case Number(s):   4:14-cr-00103-RP-1